**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00278-GCM**

**ANDRE GILMORE,**

**Plaintiff,**

**v.**

**ANDREW M. SAUL,**

**Defendant.**

**ORDER**

**THIS MATTER** comes before the Court upon the parties' cross-motions for summary judgment pursuant to Plaintiff Andre Gilmore Jr.'s Complaint Requesting Review of an Administrative Decision Under the Social Security Act ("the Act"). Plaintiff filed his Motion for Summary Judgment [ECF Doc. 9] on January 21, 2020, and Defendant filed his Motion for Summary Judgment [ECF Doc. 12] on April 14, 2020. Plaintiff filed a Reply Brief in Support of Motion for Summary Judgment [ECF Doc. 14] on April 28, 2020. Briefing on these matters being now complete, the motions are ripe for review, and the Court enters the following facts and conclusions of law.

## I. BACKGROUND

Plaintiff filed his application for disability insurance benefits due to alleged degenerative joint and disc disease, history of carpal tunnel syndrome, post-traumatic stress disorder ("PTSD"), major depressive disorder, sleep apnea, tinnitus, and micronodular sarcoidosis. His application was initially denied, but the District Court remanded on March 22, 2018, finding that the Administrative Law Judge ("ALJ") failed to properly consider the Veterans Affairs ("VA") disability rating by either giving it substantial weight or by clearly explaining how less weight was

appropriate. On April 18, 2019, after a second ALJ hearing, the ALJ again denied Plaintiff's application. Plaintiff was determined by the ALJ to have severe impairments due to his cervical and lumbar spine degenerative disc disease, history of carpal tunnel syndrome, degenerative joint disease of the knees, PTSD, and major depressive disorder. The ALJ found that no listing was met and that Plaintiff had the residual functional capacity through his date last insured to:

> perform "light" work as defined in 20 CFR 404.1567(b), except he was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. He was to avoid concentrated exposure to hazards (heights). Furthermore, he was limited to frequent, but not constant handling and fingering of both his upper extremities. Additionally, he was limited to simple, routine, repetitive tasks in a stable environment at a non-production pace with occasional public contact. He would be off-task less than ten-percent in an eight-hour workday. His concentration was greater than two-hours in an eight-hour workday. He used a cane to balance and he was to carry objects in the non-cane hand.

ECF Doc. 8-1 at 1003. The ALJ found Plaintiff could not perform his past work but could perform other work as indicated by the vocational witness's testimony. Any additional facts relevant to this Court's review of the social security decision are set forth in the discussion section below.

## II. STANDARD OF REVIEW

Judicial review of a final social security decision from the Commissioner is authorized under 42 U.S.C. § 405(g) but is limited to two considerations: (1) whether the Commissioner applied the correct legal standards and (2) whether substantial evidence supports the Commissioner's decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is more than a scintilla but less than a preponderance of the evidence. *Id.* District courts must uphold the Commissioner's decision so long as the decision is supported

by substantial evidence, even if the district court could have come to a different conclusion. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff raises two assignments of error regarding the ALJ's decision. First, Plaintiff argues that a VA disability rating must be given significant weight or the ALJ must clearly demonstrate why it was not given significant weight and, here, the ALJ rejected the VA's disability rating without clearly demonstrating why a deviation from that presumption was appropriate. Second, Plaintiff argues the ALJ's reasons for rejecting a treating physician's opinions were not supported by substantial evidence and his decision was, therefore, also not supported by substantial evidence. The Court considers each assignment of error raised by Plaintiff in the sections below.

### a. ALJ's Finding Regarding the VA Disability Rating

Plaintiff argues that the Court should remand his case because the ALJ failed to clearly demonstrate why he did not give the VA disability rating significant weight, as is required for claims filed prior to March 27, 2017. In a Social Security Administration ("SSA") decision,

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, Because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

*Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). While another government agency's disability determination is accepted as evidence, it is not binding on the SSA. *Id.*[1]

[1] As an initial matter, Defendant argues *Bird* may not apply to this case because of the new regulations set in place for considering disability decisions from other government or non-government entities, which led to the rescission of SSR 06-03p—the Policy Interpretation Ruling upon which *Bird* is based. ECF Doc. 13 at 5. However, the Fourth Circuit has continued to rely on *Bird* even after SSR 06-03p was rescinded, as is evidenced in *Woods v. Berryhill*. 88 F.3d 686 (4th Cir. 2018). In *Woods,* the Fourth Circuit used the *Bird* standard for weighing VA disability decisions when it decided how an ALJ should weigh North Carolina Department of Health and Human Services disability decisions. *Id.* at 692. Thus, *Bird* is the standard the Court will use here.

Plaintiff maintains several reasons for alleging the ALJ did not clearly demonstrate that it was appropriate to give less than significant weight[2] to the VA disability rating. According to Plaintiff, while the ALJ discussed the differences between the VA disability rating program and the SSA disability rating program, this discussion did not support the ALJ's reasoning because it is irrelevant under *Bird*. ECF Doc. 10 at 11. Plaintiff further maintains that the ALJs reasons for discounting the VA disability determination were unsupported by substantial evidence for numerous reasons as set forth in the following paragraph.

First, according to Plaintiff, the fact that he worked until August 2009 after being found disabled as of February 2009 is an insufficient reason to discount the VA determination because the VA decision was made retroactive. *Id.* at 12–14. Second, Plaintiff argues that the treatment notes indicating Plaintiff was caring for his mother in October 2010 provided no description of *how* he was caring for his mother and also referenced Plaintiff's need for continued mental health services, so those treatment notes do not undermine an earlier finding of disability. *Id.* at 14. Third, Plaintiff contends the VA disability decision was based on mental impairments, while the ALJ's decision focused largely on physical impairments. *Id.* at 15. Fourth, Plaintiff points to the ALJ's assertion that Plaintiff did not report "any specific mental health needs" in September 2014 and argues that his treatment notes indicate he reported a depressed mood, nightmares, intrusive thoughts, anxiety, avoidance of crowds and people, difficulties sleeping, an exaggerated startle response, problems concentrating, stress, and a feeling of helplessness. *Id.* at 16. Fifth, Plaintiff points out that other mental health records between 2010 to 2014 indicated similar symptoms of difficulty sleeping, depression, nightmares, flashbacks, difficulty with social interaction, isolation,

[2] Plaintiff uses the term "significant weight" in various places within his Memorandum in Support of Motion for Summary Judgment when discussing the weight that should be given to a VA disability rating decision. *See, e.g.*, ECF Doc. 10 at 1, 9. The Court understands Plaintiff to actually be arguing that the VA disability rating decision should be given "substantial weight," since that is the term used in the relevant caselaw. *See Bird,* 699 F.3d at 343.

intrusive thoughts, anxiety, exaggerated startle response, trouble concentrating, and reported feelings of "not wanting to be here." *Id.* at 16–18. Plaintiff admits that he had reported PTSD and depression for twenty-three years while remaining capable of working at substantial gainful activity levels for much of that time span. *Id.* at 18. Nevertheless, Plaintiff argues some people experience a worsening of PTSD symptoms. *Id.* Plaintiff claims the evidence indicates he was experiencing significant mental health symptoms and limitations and the ALJ's reasons for rejecting the VA rating decision were not supported by substantial evidence.

In contrast, Defendant contends the ALJ expressly considered *Bird* but, under the SSA's rules, the ALJ found Plaintiff was not disabled during the relevant period. ECF Doc. 13 at 6. First, as to Plaintiff working beyond the February 2009 date when the VA found him disabled, Defendant argues this underscores that the VA's disability rules are different than the SSA's rules. *Id.* Second, regarding the medical notes discussing Plaintiff caring for his mother in October 2010, Defendant points out that providing any care for a parent with Alzheimer's disease should militate against finding disability. *Id.* at 8. Defendant also explains that, even though Plaintiff had reported other symptoms in those same medical notes, the examination was over two and a half years prior to Plaintiff's report of disability, thus the actual purpose for discussing the care Plaintiff provided to his mother was to substantiate the ALJ's finding that the VA rating decision was not due substantial weight. *Id.* at 8–9. Third, as to the fact that the VA disability rating pertained to Plaintiff's mental impairments and not his physical ones, Defendant contends this factor does not diminish the ALJ's authority to give less weight to another government entity's disability determination where deficient or inaccurate. *Id.* at 9. Fourth, Defendant maintains the ALJ did not take Plaintiff's report of no specific mental health needs out of context because the ALJ considered the relevant treatment record and because such a response indicates Plaintiff thought

he was doing better and felt his symptoms were resolvable. *Id.* at 10. Fifth, Plaintiff's other symptoms indicated he had some mental health issues but that his treatment was relatively benign and, in the twenty-three years he had battled PTSD, he had never been diagnosed with depression, which is inconsistent with the VA rating decision. *Id.* at 11. Moreover, Defendant points out that Plaintiff had worked for a substantial part of those twenty-three years and had provided no evidence supporting that his PTSD actually worsened. *Id.* Defendant does not dispute that Plaintiff had experienced significant mental health problems and limitations due to his symptoms. *Id.* at 12.

Beyond its arguments showing that substantial evidence supported the ALJ's decision, Defendant contends the dates at issue for the SSA claim vary from those applicable to the VA disability claim, further detracting from the weight the VA decision should be given under *Bird*. *Id.* at 7. Defendant also argues that the retroactivity of the VA decision is irrelevant because, regardless, Plaintiff was working at a time when the VA found him unemployable, thereby indicating a conflict between SSA disability decisions and VA disability decisions. *Id.* In sum, Defendant argues the VA disability decision was inconsistent with the ALJ's findings of fact and the SSA's standards for determining disability, and the ALJ sufficiently explained why he gave the VA decision less than the presumptive substantial weight.

The Court finds that substantial evidence supports the ALJ's decision not to give the VA disability rating substantial weight. While, under *Bird*, there is a presumption that the VA disability rating receives substantial weight, the ALJ clearly demonstrated sufficient reasons to deviate from the presumption. *See Bird*, 699 F.3d at 343. As Defendant points out, there are different standards for VA disability determinations versus SSA disability determinations, which is why *Bird* established that there are times when it is appropriate to give less weight to VA

disability ratings. *See id.* Thus, the ALJ's dissertation on the differences between these standards *was* relevant to his decision and highlights his reasoning for giving the VA rating less weight. Such factors as Plaintiff working beyond the date the VA found him unemployable, his care for his mother after the same date, and his failure to report specific mental health needs in September 2014 all serve as further evidence the ALJ used to support his finding. Altogether, the ALJ clearly demonstrated his reasons for why it was appropriate to give the VA disability rating less than substantial weight and his reasons are supported by substantial evidence.

**b. ALJ's Evaluation of Dr. McQueen's Opinions**

Plaintiff further contends the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly weigh the opinions of Dr. McQueen, a treating physician. ECF Doc. 10 at 19. Plaintiff argues that, despite Dr. McQueen opining Plaintiff was totally disabled between October 2011 and February 2012, then amending the onset date later, such amendment does not change that the VA found Plaintiff disabled. *Id.* at 22. Additionally, as to Dr. McQueen's August 2013 opinion, Plaintiff seems to maintain that, because the ALJ only noted his summary conclusion of disability, the ALJ inaccurately characterized Dr. McQueen's opinion and provided no rationale for not evaluating the limitations Dr. McQueen had articulated in that opinion. *Id.* at 23. Moreover, Plaintiff contends the ALJ should not have rejected Dr. McQueen's September 2014 opinion based on other physician exams performed prior to Dr. McQueen's September 2014 exam. *Id.* at 24–25. Further still, Plaintiff argues the ALJ's finding that Dr. McQueen appeared to be acting as a claimant advocate should carry no weight, as it is speculation. *Id.* at 25–26. Similarly, Plaintiff contends that rejecting Dr. McQueen's opinion because he did not appear knowledgeable about SSA criteria is also unfounded since it is just one factor among others to consider. *Id.* at 26.

Defendant responds by discussing each of Dr. McQueen's statements in turn. First, the ALJ gave little weight to Dr. McQueen's dictated statements from December 31, 2011 and February 14, 2012 where Dr. McQueen noted Plaintiff's impairments and diagnoses before stating Plaintiff was totally disabled. ECF Doc. 8-1 at 1009. As to these statements, Defendant argues an opinion on the issue of disability is reserved to Defendant and also that Dr. McQueen's statements implicitly conceded the distinct differences between SSA proceedings and VA proceedings where Dr. McQueen amended his finding by establishing a more recent onset date than he had previously found for Plaintiff. ECF Doc. 13 at 13. Defendant also claims the ALJ's statement that Dr. McQueen had showed minimal training or knowledge of the SSA's criteria for disability is relevant because such an understanding is part of an ALJ's considerations and Dr. McQueen's statements were unclear and unsupported. *Id.* at 14. Additionally, while Defendant acknowledges Plaintiff's argument regarding potential speculation that Dr. McQueen was acting as a claimant advocate, Defendant points out that the ALJ was entitled to give Dr. McQueen's statements less weight where it appeared his opinions were based on subjective complaints with little supporting evidence. *Id.* at 14–15.

Second, as to Dr. McQueen's August 13, 2013 statement, for similar reasons as those outlined for the December 2011 and February 2012 opinions, Defendant argues the ALJ appropriately discounted Dr. McQueen's opinions. *Id.* at 15. Also, Defendant maintains the ALJ discounted Dr. McQueen's opinions as being inconsistent with other evidence on the record. *Id.* at 15–16. Moreover, Dr. McQueen appeared to recite a history given by Plaintiff, which the ALJ accommodated in his residual functional capacity assessment. *Id.* at 16. Defendant points out that the ALJ proceeded to give significant weight to other psychiatrists' and psychological consultants' assessments, which gave more supporting details about their opinions that were consistent with

other examinations and with the ALJ's residual functional capacity. *Id.* at 17. Defendant argues the ALJ properly explained why the record evidence supported his findings and why the record evidence was generally inconsistent with Dr. McQueen's August 2013 statement. *Id.* at 19.

Third, regarding Dr. McQueen's September 23, 2014 opinion, Defendant points out that Dr. McQueen opined Plaintiff had extreme functional limitations such as not being able to walk city blocks without rest or pain, not being able to walk or stand for two hours in a workday, and having to take constant unscheduled breaks for a constant length, but his opinion was somewhat unintelligible. *Id.* at 19–20. The ALJ found such extreme limitations were inconsistent with opinions from June 2013 and September 2013, where two consulting physicians found only moderate physical limitations. *Id.* at 20. They were also inconsistent with opined limitations and treatment notes of two other physicians as of March 2014 and June 2014. *Id.* at 21. While Plaintiff argues the ALJ erred in failing to discuss in depth Dr. McQueen's September 2014 opinion, Defendant points out that a failure to specifically refer to every piece of evidence used in the ALJ's decision does not mean the evidence was not considered. *Id.* at 21–22. Moreover, Defendant argues Plaintiff provides no support for his argument that the ALJ could not use medical opinions pre-dating Dr. McQueen's September 2014 opinion to discount the same. *Id.* at 22. According to Defendant, what is important is that the relevant period is July 2013 through December 2014, the ALJ considered opinions within that date range, the ALJ found Dr. McQueen's September 2014 opinion merited less weight, and Plaintiff provided no clear description or explanation supporting an argument that his conditions worsened between the date of these other opinions and Dr. McQueen's September 2014 opinion. *Id.* at 23.

Here again, the Court largely agrees with Defendants' analysis and finds that the weight the ALJ gave to the medical opinions was appropriate and supported by substantial evidence. An

understanding of the SSA's criteria for disability determinations is one factor considered when weighing medical opinions. 20 C.F.R. § 404.1527(c)(6) (2017). Other factors comprise of supportability, including the explanation of the medical opinion, and consistency with the record as a whole. *Id.* § 404.1527(c)(3)–(4). A treating physician's opinions can receive less weight if they appear based on subjective complaints or if they lack sufficient evidence to substantiate the claims. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *Owen v. Colvin*, No. 1:15-cv-00115-MOC, 2016 WL 4373702, at *7 (W.D.N.C. Aug. 15, 2016). "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (internal citations omitted) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)). That an ALJ does not specifically refer to every piece of evidence in the decision does not mean that evidence was not considered or that the ALJ's reasoning is insufficient. *Grubby v. Astrue*, No. 1:09cv364, 2010 WL 5553677, at *6 (W.D.N.C. Nov. 18, 2010).

Dr. McQueen's opinions are just a fraction of the opinions relevant to the ALJ's decision. ECF Doc. 8-1 at 1005–11 (discussing examining and non-examining opinions regarding physical and mental capabilities from multiple doctors and psychological consultants). The ALJ gave little weight to Dr. McQueen's opinions because they were inconsistent with other medical opinions and the record and because it appeared that Dr. McQueen had minimal understanding of the SSA's criteria for disability. *Id.* at 1010. These are valid reasons to give less weight to certain medical opinions.

Indeed, a reasonable mind could accept the ALJ's decision to give little weight to Dr. McQueen's opinions from October 2011 and February 2012 where he concluded claimant was

"totally disabled" but later amended the date of disability to July 18, 2013. *See id.* at 1009. Additionally, as to Dr. McQueen's August 2013 and September 2014 assessments, the ALJ's findings of fact show that no other doctor opined Plaintiff was "permanently and totally disabled for any gainful employment" or "incapable of performing the full range of sedentary work activity or even low stress jobs on a regular and continuing basis." *Id.* at 1010; *see generally id.* at 1005–11. The ALJ used other opinions, including opinions from Dr. Peters and Dr. Vias, to exemplify the inconsistencies of Dr. McQueen's opinions. *Id.* at 1010. Among numerous observations, Dr. Peters found Plaintiff's passive range of motion of his cervical and lumbar spine was within normal limits, he had no visible muscle atrophy, he ambulated independently using a single-point cane, his muscle strength in extremities was five out of five, his sensation in extremities was intact to light touch, and several tests were negative as to certain symptoms in the cervical spine, legs, and hips. *Id.* Dr. Vias found only mild lower lumbar spine tenderness, no lower extremity weakness, no edema, no significant joint deformities, and noted only conservative treatments for Plaintiff's cervical and lumbar degenerative disc disease. *Id.* Dr. Vias also conducted a follow-up appointment with Plaintiff in January 2015, following a motor vehicle accident, and Plaintiff "relayed that he had not had any significant symptoms." *Id.* at 1008. These inconsistencies on the record are all valid reasons to give Dr. McQueen's opinions less weight as the ALJ did here.

Additionally, substantial evidence in the ALJ's findings of facts indicates that no other medical opinions found Plaintiff's symptoms of mental impairments so extreme as to cause him to be "permanently and totally disabled for any gainful employment." During examinations upon which the ALJ placed significant weight, Plaintiff was noted to have undergone mental health treatment, relay positive future plans, remain capable of concentration, persistence, and pace for greater than two-hours in an eight-hour workday, and remain capable of driving and caring for

himself. *Id.* at 1008–09. Again, although Plaintiff may disagree with the ALJ's decision to give little weight to Dr. McQueen's opinions, the ALJ's decision was based on substantial evidence.

As previously noted, it is not for the Court to reweigh the evidence where the ALJ has offered his reasoning for the weight given to varying opinions and that reasoning is supported by substantial evidence. There is no cause for the Court to conclude the ALJ found specious inconsistencies in these medical opinions. That the ALJ did not explicitly detail his decision regarding the weight given to Dr. McQueen's August 2013 and September 2014 opinions is not enough to reverse and remand his decision where the ALJ need not list every piece of evidence he considered in making his decision and the ALJ provided reasoning supported by substantial evidence. The Court finds that the ALJ adequately explained his reasoning regarding the lesser weight placed on Dr. McQueen's opinions, the ALJ's reasoning is based on substantial evidence, and the case should not be remanded.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment [ECF Doc. 9] is **DENIED**; Defendant's Motion for Summary Judgment [ECF Doc. 12] is **GRANTED**; and the Commissioner's decision is **AFFIRMED**;

**IT IS FURTHER ORDERED** that the clerk is directed to send copies of this Order to counsel for the parties.

**SO ORDERED.**

Signed: December 2, 2020

Graham C. Mullen
United States District Judge